56 F.3d 63
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George Edward WILLIAMS, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Elroy WADE, a/k/a Harry Witherspoon, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dale Kevin JOHNSON, a/k/a Blue, a/k/a Ian Looney,
Defendant-Appellant.
UNITED STATES of america, Plaintiff-Appellee,
v.
Constantine Dexter MCKENZIE, Defendant-Appellant.
 Nos. 93-5701, 93-5707, 93-5714, 93-5751.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 7, 1995.
Decided: May 26, 1995.
 
 ARGUED: Ernest Raymond Alexander, Jr., Greensboro, North Carolina, for Appellant Wade; W. David Lloyd, LLOYD & LLOYD, Greensboro, NC, for appellant Williams; Lee W. Kilduff, MORCHOWER, LUXTON & WHALEY, Richmond, VA, for Appellant McKenzie; Marilyn Gerk Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant Johnson. David Bernard Smith, Assistant United States Attorney/Senior Litigation Counsel/ OCDETF Attorney, Greensboro, NC, for appellee. ON BRIEF: Ronald E. Schwartz, Cincinnati, OH, for appellant McKenzie. Walter C. Holton, Jr., United States Attorney, Greensboro, NC, for appellee.
 Before ERVIN, Chief Judge, and RUSSELL and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 George Edward Williams, Jr., Michael Elroy Wade,[1] Dale Kevin Johnson, and Constantine Dexter McKenzie were convicted of conspiring to possess with the intent to distribute and to distribute cocaine base. See 21 U.S.C.A. Sec. 846 (West Supp.1995) (Count I).[2] They appeal their convictions and sentences, alleging numerous errors. We affirm.
 
 I.
 
 2
 Appellants were members of a conspiracy to distribute cocaine base in Greensboro, North Carolina between 1990 and 1992. The Government presented testimony from several coconspirators and other individuals concerning Appellants' involvement and participation in the conspiracy. This testimony showed that the organization used fixed distribution points and operated from various motels and from a residence located at 4603 Vincent Street where some members of the conspiracy, including Wade and McKenzie, resided. Further, this testimony established that members of the conspiracy, including Wade and Johnson, traveled to New York to purchase cocaine, which was then converted into cocaine base either at a coconspirator's residence in New York or at the 4603 Vincent Street residence.
 
 
 3
 With respect to the substantive offenses, testimony from coconspirator Jacqueline Davis and law enforcement officers showed that two members of the conspiracy were arrested on April 7, 1992 while returning a rental vehicle that had been used for a trip to New York to acquire drugs and that following the arrests, officers seized 12.4 grams of cocaine base. Their testimony also established that one week after this seizure approximately 150 grams of cocaine base and a large amount of currency were seized during a search of Davis' bedroom. Additionally, officers testified that they arrested Johnson and another member of the conspiracy inside a rented vehicle in a motel parking lot on October 21, 1992 and seized approximately 73 grams of cocaine base that had been hidden in the console. The officers found a key to a room at the motel in Johnson's pocket and discovered drug paraphernalia inside the room.
 
 II.
 
 4
 Appellants claim that the evidence presented was insufficient to support their convictions. We disagree.
 
 
 5
 [I]n assessing the sufficiency of the evidence to support the jury's determination, we can only inquire whether there is substantial evidence, taking the view most favorable to the government, from which the jury might find the defendant guilty beyond a reasonable doubt. We, of course, do not weigh the evidence or review the credibility of witnesses in resolving the issue of substantial evidence.
 
 
 6
 United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983) (citations omitted), cert. denied, 465 U.S. 1028 (1984). "To sustain [a] conspiracy conviction, there need only be a showing that the defendant knew of the conspiracy's purpose and some action indicating his participation." United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.) (internal quotation marks omitted; alteration in original), cert. denied, 112 S.Ct. 3051 (1992). "A defendant need not have had knowledge of his coconspirators or knowledge of the details of the conspiracy. And a defendant may be convicted despite having played only a minor role in the overall conspiracy." Id. (citations omitted). Further, under Pinkerton v. United States, 328 U.S. 640 (1946), "conspirators [are] liable for all reasonably foreseeable acts of their coconspirators done in furtherance of the conspiracy." United States v. Cummings, 937 F.2d 941, 944 (4th Cir.), cert. denied, 502 U.S. 948 (1991); see also United States v. Irvin, 2 F.3d 72, 75 (4th Cir.1993), cert. denied, 114 S.Ct. 1086 (1994).
 
 
 7
 The evidence clearly was sufficient to establish that Appellants participated in the conspiracy. Also, ample evidence was presented to convict Williams, Wade, and Johnson of their respective substantive violations under the Pinkerton doctrine. The evidence showed that these offenses were reasonably foreseeable as a natural consequence of the conspiracy.
 
 III.
 
 8
 As a variation of their sufficiency of the evidence argument, Appellants contend that a fatal variance existed between the indictment, which alleged a single conspiracy, and the proof, which they claim established multiple conspiracies as a matter of law. This issue was not raised below and therefore may be reviewed only for plain error. See United States v. Young, 470 U.S. 1, 15 (1985) (Federal Rule of Criminal Procedure 52(b) enables the court to correct "those errors that seriously affect the fairness, integrity or public reputation of judicial proceedings.") (internal quotation marks omitted).
 
 
 9
 "A single conspiracy exists where there is one overall agreement or one general business venture. Whether there is a single conspiracy or multiple conspiracies depends upon the overlap of key actors, methods, and goals." United States v. Leavis, 853 F.2d 215, 218 (4th Cir.1988) (citations and internal quotation marks omitted). "The government bears the burden of proving a single conspiracy charged in the indictment.... The question whether the evidence shows a single conspiracy or multiple conspiracies ... is one of fact and is properly the province of the jury." Id. Although the organization was not highly structured, sufficient evidence existed for a jury to find a single conspiracy as charged in the indictment given the interrelation between the conspirators and their drug-related activities. Thus, we find no error, let alone plain error.
 
 IV.
 
 10
 During trial, Williams called Juanita Lewis, Davis' college faculty advisor and teacher, to impeach Davis' testimony by stating that she did not have a reputation for truthfulness. Williams insists that the district court erred in allowing the Government to cross-examine Lewis by asking her whether she was familiar with other Government witnesses in the case because the questions were irrelevant, see Fed.R.Evid. 401, and unduly prejudicial, see Fed.R.Evid. 403.
 
 
 11
 The evidentiary rulings of the trial court "are entitled to substantial deference" and "will not be disturbed absent a clear abuse of discretion." United States v. Russell, 971 F.2d 1098, 1104 (4th Cir.1992), cert. denied, 113 S.Ct. 1013 (1993). Similar deference extends to the scope of cross-examination permitted by the district court. See Fed.R.Evid. 611(b). Here, the cross-examination allowed the Government to place the limited extent of Lewis' testimony--which concerned only one of its witnesses--into proper context. We find no abuse of discretion.
 
 V.
 
 12
 The district court sentenced Williams to a term of 192 months imprisonment; Wade to 235 months imprisonment; Johnson to 172 months imprisonment; and McKenzie to 262 months imprisonment. Appellants, who are black, first contend that the 100:1 ratio of cocaine base to cocaine under the guidelines has a disparate impact on blacks and therefore violates their rights to equal protection. This court has repeatedly rejected this contention. See, e.g., United States v. Bynum, 3 F.3d 769, 774-75 (4th Cir.1993) (holding that alleged disparate impact of 100:1 ratio of cocaine base to cocaine is not violative of the Equal Protection Clause), cert. denied, 114 S.Ct. 1105 (1994).
 
 
 13
 Additionally, McKenzie and Johnson claim that their cases should be remanded for resentencing due to ineffective assistance of counsel at sentencing. "The rule in this circuit is that a claim of ineffective assistance should be raised in a 28 U.S.C. Sec. 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." United States v. Williams, 977 F.2d 866, 871 (4th Cir.1992), cert. denied, 113 S.Ct. 1342 (1993). Based on our review of the record, there has been no such showing, and the claim is not properly before us.
 
 VI.
 
 14
 We have carefully considered all of the other arguments presented by Appellants and find them to be without merit. Accordingly, we affirm their convictions and sentences.
 
 AFFIRMED
 
 
 [1]
 Wade was referred to as Harry Witherspoon, Jr. during the trial
 
 
 [2]
 In addition to the conspiracy charge, Johnson was convicted of possession with the intent to distribute cocaine base on April 7, 1992 (Count II); possession with the intent to distribute cocaine base on April 13, 1992 (Count III); and possession with the intent to distribute cocaine base on October 21, 1992 (Count IV). See 21 U.S.C.A. Sec. 841(a)(1) (West 1981). Wade was also convicted of Counts II and III, and Williams was also convicted of Count II